IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 24-cv-01395-SMY |
| CRAIG A. BEYER, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Micheal Attaway's Motion to Vacate Order Dismissing Case and Judgment (Doc. 26); Motion to Change Venue (Doc. 27); Motion for Leave to File a Late Amended Complaint (Doc. 28); and Motions for Leave to File for Late In Forma Pauperis (IFP) (Docs. 29-32).

Plaintiff, a prisoner, filed the instant action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, for claims arising from the alleged denial of medical care for hip, back, and shoulder pain by an orthopedic specialist who was treating him for a knee injury in 2023. The Court screened the Complaint under 28 U.S.C. § 1915A and dismissed it without prejudice for failure to state a claim on August 22, 2024. (Doc. 20). Plaintiff was directed to file an Amended Complaint no later than September 19, 2024, and was warned that failure to do so would result in dismissal of the action. *Id.* (citing FED. R. CIV. P. 41(b)). When Plaintiff did not file an Amended Complaint or request an extension of time to do so, the Court dismissed the case with prejudice and a "strike" on October 3, 2024. (Doc. 24) (citing 28 U.S.C. § 1915(g)). Judgment entered accordingly. (Doc. 25).

Six months later, Plaintiff filed a Motion to Vacate, seeking relief from the dismissal order

1

and judgment under Federal Rules of Civil Procedure 60(b)(1) based on his own "mistake, inadvertence, surprise, or excusable neglect." (Doc. 26). He cites "extreme financial hardship and personal difficulties" caused by the unlawful actions of several banks. *Id*. Plaintiff also seeks leave to file a late amended complaint against the doctor under 28 U.S.C. § 1332.

Because Plaintiff filed the Motion to Vacate six months after entry of judgment, the motion is governed by Rule 60, an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010). Plaintiff's vague claim of financial hardship resulting from unlawful bank activities does not amount to an exceptional circumstance warranting Rule 60 relief. He waited six months after the case was closed to file the motion based on this vague assertion. His inaction does not entitle him to relief. Accordingly, Plaintiff's Motion to Vacate Order Dismissing Case and Judgment (Doc. 26) and related Motion to Change Venue (Doc. 27), Motion for Leave to File Late Amended Complaint (Doc. 28), and Motions for Leave to File for Late In Forma Pauperis (IFP) (Docs. 29-32) are **DENIED**. This case remains dismissed with prejudice and is **CLOSED**.

The Court notes that Plaintiff failed to update his U.S. Mail address in this case when he moved and/or filed his motions. Plaintiff is reminded of his ongoing obligation to notify the Clerk of his new address within 14 days of any change, and a separate notice must be filed in each of his cases. *See* Doc. 4.

**IT IS SO ORDERED.**

**DATED: October 8, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**